UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 2:12-cr-12-04 |
| ) | |
| MELVIN K. HILL ) | |

**ORDER**
(Docs. 348, 349, 360)

On April 7, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") detailing the lengthy and convoluted procedural history of self-represented Petitioner Melvin K. Hill's motions under 28 U.S.C. § 2255 to vacate, set aside, or correct a February 4, 2013 sentence imposed upon him in this court[1], determining that his most recent claims are meritless, and recommending his § 2255 Motion be denied. (Doc. 360.) On May 23, 2020, Petitioner filed an objection to the R&R and, on June 8, 2020, he filed a supplemental unsigned document.[2] (Docs. 364, 370.)

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

---

[1] As the Court recently noted in connection with Hill's motion for compassionate release, he has completed his original four-year sentence of incarceration, after which supervision of Hill was transferred to the Southern District of Georgia. That court later revoked Hill's supervised release and sentenced him to 36 months, a sentence he is currently serving. (Doc. 371.)

[2] The Court applies the prison mailbox rule to the May 23 Objection as it was signed and dated by Mr. Hill, although not received by the Court until June 3, 2020. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (under the prison mailbox rule, an incarcerated self-represented litigant's document is deemed filed at the time it was delivered to prison authorities for forwarding to the court); *see also United States v. Newton*, No. 5:11-cr-50, 2014 WL 348195, at *5 (D. Vt. Jan. 31, 2014) (noting if it is unclear when an incarcerated self-represented litigant's document was mailed, courts assume it is filed on the day it is signed and dated). The Supplemental filing, however, was not signed or dated and so is considered filed as of the date it was received.

After careful review of the file, the Magistrate Judge's Report and Recommendation (Doc. 349), and Petitioner's filings (Docs. 364, 370), this Court ADOPTS the Magistrate Judge's recommendation substantially for the reasons stated in the R&R.

In his objection, Petitioner notes that he cited the Supreme Court's decision in *Luis v. United States*, 136 S. Ct. 1083 (2016), for the proposition that the government's seizure of money "from a defendant at any phase of the criminal proceeding *not proven to be tainted*, violates the defendant's constitutional 'right to counsel of choice.'" (Doc. 360 at 1 (emphasis added).) Petitioner argues "it is reasonable to conclude that the prosecution seizing and possessing the petitioner's *untainted* funds during the criminal proceeding effects the right to counsel of choice and the outcome of the criminal proceeding." (*Id.* at 2 (emphasis added).) Petitioner, however, has not demonstrated that the funds were untainted. The court's August 13, 2019 Order granting Hill's motion to set aside the May 29, 2012 Declaration of Forfeiture was granted without prejudice, meaning that the government could commence a subsequent forfeiture proceeding. (Doc. 342 at 14.) The Declaration of Forfeiture was set aside not because the funds were "untainted" but because the government's "notice was not reasonably calculated to apprise Hill of the administrative forfeiture proceedings against the property seized from him." (*Id.*) Accordingly, Petitioner has not demonstrated a violation of his right to counsel of choice. *Compare United States v. Monsanto*, 491 U.S. 600 (1989) (holding the seizure of tainted assets did not violate the Sixth Amendment) *with Luis*, 136 S. Ct. at 1090 (holding "the relevant difference . . . consists of the fact that the property here is untainted").

Petitioner further argues in support of his insufficiency of evidence claim asserting the "prosecution produced no evidence against the defendant/Petitioner existing within the time-frame of the conspiracy." (Doc. 360 at 3.) Petitioner, however, fails to overcome the procedural default of this claim caused by his failure to pursue a direct appeal. As the Magistrate Judge explained, in the absence of a demonstration of cause and actual prejudice, or a claim of actual

2

innocence supported by "new reliable evidence . . . that was not presented at trial," Petitioner's clam is procedurally defaulted.  Because Petitioner's citation to the Presentence Investigation Report as support for his claim of innocence cannot constitute "new reliable evidence" of which the court was unaware, Petitioner's sufficiency of the evidence claim is procedurally defaulted.

Petitioner's supplemental motion under 28 U.S.C. § 2255 (Doc. 349) is DENIED. Further, Petitioner's motion for an extension of time to respond to the August 21, 2014 Report & Recommendation (Doc. 348) is DENIED AS MOOT in light of the filing of his supplemental § 2255 Motion which the court has now considered.

The Court declines to issue a certificate of appealability, which may issue in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Generally, a movant meets this burden by demonstrating that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Hill has not made this showing, and thus the court will not issue a certificate of appealability.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of February, 2021.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge